NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID SANCHEZ,

    Plaintiff,

    v.

SERGEANT A. BROWN, SR. *et al.*,

    Defendants.

No. 24cv11485 (EP) (LDW)

**OPINION**

**PADIN, District Judge.**

*Pro se* Plaintiff David Sanchez ("Sanchez"), a pretrial detainee confined in the Hudson County Correctional Center ("HCCC"), alleges that Defendants Sergeant A. Brown, Sr. ("Brown") and Director Becky Scott ("Scott") (collectively "Defendants") denied him a work assignment due to his medical and mental health conditions.[1] D.E. 1 ("Complaint" or "Compl."). The Court construes the Complaint as raising claims under the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.* (the "ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* (the "RA"); and the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. Sanchez seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application").

Sanchez's IFP Application establishes his financial eligibility to proceed without prepayment of the filing fee. The Court will therefore **GRANT** the IFP Application and screen the Complaint for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff seeks damages and injunctive relief. The Court, therefore, construes his claims against Defendants in their individual and official capacities. The Third Circuit "has not squarely addressed whether "claims may be brought against government officers in their individual capacities under Title II of the ADA." *Durham v. Kelley*, 82 F.4th 217, 224 n. 12 (3d Cir. 2023).

For the reasons below, however, the Court will **DISMISS** the Complaint *without prejudice* and grant leave to amend. Sanchez will have **45 days** to file a proposed amended complaint.

I.   BACKGROUND

Sanchez is a pretrial detainee at HCCC. Compl. at 2. He was housed in the medical unit in August 2024 because he suffers from medical and mental health conditions. *Id.* at 5. Sanchez asked Lieutenant Felix ("Felix"), with whom Sanchez had a prior relationship, to hire Sanchez as a worker. *Id.* at 5. Felix then asked his subordinate, Brown, to hire Sanchez. *Id.* Brown refused because Sanchez had medical conditions that required trips to the hospital. *Id.* Brown would not follow Felix's orders even though Felix outranked him. *Id.* As the director of HCCC, Scott failed to intervene. *Id.* at 5.

II.   LEGAL STANDARD

District courts are required to review civil complaints filed by prisoners who have been granted IFP status and *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(b). When reviewing claims for dismissal for failure to state a claim under § 1915(e)(2)(b)(ii), courts apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Courts "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

III.    DISCUSSION

    A.    The Complaint Lacks Sufficient Facts to State an ADA or RA Claim

The ADA prohibits discrimination against qualified individuals with disabilities in public services. 42 U.S.C. § 12132. The elements of a claim under Title II of the ADA and under the RA are the same; plaintiffs must show that: "(1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." *Durham*, 82 F.4th at 225. For the RA to apply, the program in question must receive federal dollars. *Id.* If a plaintiff seeks compensatory damages under the ADA, they must also "show intentional discrimination under a deliberate indifference standard" meaning "(1) knowledge that a federally protected right is substantially likely to be violated . . . and (2) failure to act despite that knowledge." *Id.*

Sanchez asserts that his exclusion from a work assignment was based on his medical condition, which did not prevent him from performing a work assignment. Compl. at 4. He was denied participation in a county jail work program because his condition required him to make trips to the hospital. *Id.* at 5. The definition of disability under the ADA is broad, including "among other things, a physical impairment that substantially limits one or more of the major life activities." *Durham*, 82 F.4th at 225. However, Sanchez has not alleged sufficient facts about his medical condition to establish it qualifies as a disability under the ADA and RA. Furthermore, with respect to his claim for damages against Scott, Sanchez has not sufficiently alleged facts suggesting she knew that Sanchez's federally protected rights were substantially likely to be violated. He does not allege Scott was aware of his disability or Brown's refusal to give him a

3

work assignment. Therefore, the Court will **DISMISS** *without prejudice* the ADA and RA claims against Brown and Scott.

  B. **The Complaint Fails to State an Equal Protection Claim**

The Supreme Court has held "States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational." *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 367 (2001). Under this rational basis review, the challenging party has the burden to negate "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* The decision not to give Sanchez a work assignment because his medical condition required trips to the hospital meets this low bar of "any conceivable state of facts that could provide a rational basis." For example, Sanchez's trips to the hospital could require finding another worker to replace him when he was unavailable to perform his assignment. Therefore, the Court will **DISMISS** *without prejudice* the Equal Protection Claim against Brown and Scott.

  C. **The Court Will Grant Leave to Amend**

Generally, when a court dismisses a complaint under Section 1915(e)(2)(b), the court should "grant leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Sanchez may be able to allege facts that would cure the deficiencies in his claims identified above. The Court will grant him **45 days** to submit a proposed amended complaint. The proposed amended complaint will be subject to this Court's Section 1915 review prior to service. Failure to submit a proposed amended complaint

within 45 days of the accompanying Order may result in dismissal of all claims *with prejudice* without further notice.[2]

IV.     **CONCLUSION**

For the reasons stated above, the Court will **GRANT** Sanchez's IFP application, **DISMISS** *without prejudice* the Complaint for failure to state a claim, and grant leave to amend within **45 days** to cure the deficiencies identified herein.  An appropriate Order follows.


Dated: April 8, 2025

*[signature]*

Evelyn Padin, U.S.D.J.

---

[2] The amended complaint will supersede the Complaint.  This means when the amended complaint is filed, any allegations that have not been included in the Amended Complaint are no longer part of the case.  *See* 6 Wright, Miller & Kane, Federal Practice and Procedure Civ. § 1476 (3d. ed. 1997) (citations omitted).